WINGATE H. PAINE ET AL., Plaintiffs and Appellees, *v.* SECRETARY OF THE TREASURY, Defendant and Appellant.

No. 12673. Decided June 27, 1962.

*Hiram R. Cancio, Secretary of Justice, Arturo Estrella,* and *Luis F. Candal, Assistant Secretaries of Justice,* for appellant. *Beverley, Castro & Rodríguez Lebrón,* and *Carmen B. Hernández* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Edward Bragg Paine died in the State of New York leaving among his inheritance estate certain shares of the Corona Brewing Corporation, a corporation established in Puerto Rico. The Corona Brewing Corporation, acting as agent for the Secretary of the Treasury, withheld 29 per cent from the proceeds of the dividends of the shares and applied

the same to the payment of the income tax, at the tax rate which a taxpayer residing outside Puerto Rico would be required to pay, pursuant to the act in force at that time. The executors of the heirs of Paine, plaintiffs-appellees herein, sought the refund of the tax paid in excess of the amount that a resident would be required to pay. The ground for such request finds support in our decision in the case of *Postley* v. *Secretary of the Treasury*, 75 P.R.R. 822, 843 *in fine*, 845 (Snyder, 1954), in which we held that the privileges and immunities clause applies in Puerto Rico in the same way as it applies in the States of the Union, under the compact between Puerto Rico and the United States, and that § 12 of Act No. 74 of August 6, 1925 (Sess. Laws, p. 400), insofar as it provides a 29 per cent normal tax for nonresidents who are citizens of a State of the Union and a 7 per cent normal tax for residents, violated § 2 of the Organic Act of 1917, as amended in 1947 by the Congress of the United States, which amendment provided that the rights, privileges, and immunities of citizens of the United States are entitled to the same treatment as if Puerto Rico were a State of the Union and subject to the provisions of subd. 1, § 2, art. IV of the Constitution of the United States.

██ In this case, however, the Secretary of the Treasury contends that the privilege and immunity clause applies only to individuals and not to a succession, since the latter is an artificial person for the purposes of the Income Tax Act. In order to determine what is meant by a juridical and nonnatural person, we must be governed by our local Act, because the privileges and immunities clause does not extend the legislation of the state where the taxpayer resides to the state where the property of nonresidents is situated. Based on the principle of the common citizenship within the Union, the privileges and immunities clause merely places on the same footing the rights of nonresidents and the rights of res-

idents of a particular state. Discrimination may be established only against the rights of the former in certain special exceptions, none of which is comprised in the question herein.

 This being so, the question for decision at this time is whether in Puerto Rico a "succession" may be considered as a juridical person, independently of the heirs who compose it. Section 603 of the Civil Code of Puerto Rico (1930 ed.) provides that the rights to the succession of a person are transmitted from the moment of his death. This has compelled us to declare that in civil law the succession has no existence as a juridical person: *Danz* v. *Suau*, 82 P.R.R. 591, 595 (Belaval, 1961). Nothing will be found in our juridical system permitting us to consider the executorship as a juridical entity distinct from the heirs whom it represents. Executorship is but an administration accompanied by a right of representation to perform specific functions relating to the conservation of the hereditary estate until the inheritance is accepted by the heirs, and as such we can not consider the executors as forming a juridical person distinct from the heirs. See *Fuentes* v. *Secretary of the Treasury*, *ante*, p. 472 (Santana Becerra).

 The purpose of the privilege and immunity clause being to place the right of nonresident citizens on the same footing as the right of the citizens residents of the state where the tax event originates, it is clear that we must consider the executors of Edward Bragg Paine as mere representatives of the instituted heirs and as natural persons, in the same category as that of a resident citizen as respects the tax rate which they are required to pay on the income from the property situated in Puerto Rico.

The judgment appealed from will be affirmed.